**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SLAGLE MANUFACTURING COMPANY, Respondent.**

No. 80–1088.

United States Court of Appeals, Tenth Circuit.

Argued July 13, 1981.

Decided Sept. 9, 1981.

Corinna L. Metcalf, N. L. R. B., Washington, D. C. (Janet C. McCaa and A. Jones Diamond, N. L. R. B., Washington, D. C.; and William A. Lubbers, Gen. Counsel; John E. Higgins, Jr., Deputy Gen. Counsel; Robert E. Allen, Acting Associate Gen. Counsel; and Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., on the brief), for petitioner.

William D. Toney of Pray, Walker, Jackman, Williamson & Marlar, Tulsa, Okl., for respondent.

Before DOYLE, McKAY and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

After an administrative investigation and a hearing, the National Labor Relations Board overruled a company's procedural objections to an election of the bargaining representative for the company's production and maintenance employees, and certified the elected union. To test the validity of the Board's rulings, the company refused to bargain with the certified union. The Board here is seeking enforcement of its order finding the company in violation of §§ 8(a)(5), 8(a)(1) of the Labor Management Relations Act (29 U.S.C. §§ 158(a)(5), 158(a)(1)).

All the proceedings below as well as in this court center on the status and activities during the election of an employee named Gann who had been discharged during the course of the union's organizing activities on company premises. Gann's discharge was the subject of an unfair labor practice charge which was pending at the time the election was held. Gann was present at the election to cast his vote. The company argues that the election must be set aside because the company met its burden to show either that Gann, as a union agent or representative, unlawfully engaged in prolonged conversations with employees during the election, or that his activities were so disruptive or coercive that the free expression of the will of voting employees was severely impaired.

The company's first theory on the basis of which it attacks the validity of the election is based on *Milchem, Inc.*, 170 NLRB 362 (1968), in which the Board ruled that any "prolonged" conversations between representatives of any party to an election and voters waiting to cast ballots will invalidate the election without inquiry into the substance of the conversations. The Board reasoned that such conversations carry with them so great a potential for last-minute engineering of unfair advantage that this prophylactic rule is warranted. This strict rule, however, applies only to conversations between parties to the election—union or employer representatives—and employees, not to conversations between employees. The Board apparently "credits employees with the ability to give true weight to the possibly impulsive allegations of fellow employees induced by the heat of the campaign." *NLRB v. Sauk Valley Manufacturing Co.*, 486 F.2d 1127, 1131 n.5 (9th Cir. 1973).

The company's second theory is that an employee's conduct, though not attributable to a party to the election, may become coercive, disruptive, or so aggravated "that a free expression of choice of representation [by voting employees] is impossible." *Bush Hog, Inc. v. NLRB*, 420 F.2d 1266, 1269 (5th Cir. 1969). The election may be set aside irrespective of party conduct "if the acts [of non-party persons] disrupted the voting procedure or destroyed the atmosphere necessary to the exercise of a free choice in the representation election." *NLRB v. Carroll Contracting & Ready-Mix, Inc.*, 636 F.2d 111, 113 (5th Cir. 1981); *NLRB v. Claxton Manufacturing Co.*, 613 F.2d 1364, 1371 (5th Cir. 1980).

In reviewing the Board's resolution of the factual disputes under each of these theories, we must uphold the Board's findings if they are "supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e), (f). The company's primary factual contentions are (1) that on election day the union arranged for Gann to attend the pre-election conference; (2) that Gann assisted the union's election observer in checking the polling place; and (3) that Gann engaged in conversation with some of the voters. The Board concluded, however, that Gann had not become an agent or representative of the union and therefore that his conversations were not governed by the strict rule of *Milchem.* The Board's finding in this regard is amply supported by the record. Neither the union's arranging for an employee to attend the pre-election conference nor the employee's inspection of the polling area conclusively converted that employee into an agent or representative of the union, and substantial evidence on the record suggests that he remained merely a disaffected employee.

The Board further concluded that Gann's conduct was not so clearly disruptive of the atmosphere of free choice during the vote that the election must be set aside. The presence at an election of any employee recently discharged for reasons that could be construed as an unfair labor practice always carries with it the potential for affecting voting choice. Nevertheless, where an employee's discharge is the subject of an alleged unfair labor practice at the time of an election, the employee has the right to be present at and to vote in that election. *See NLRB v. Hunter Engineering Co.*, 215 F.2d 916, 921 (8th Cir. 1954). The point at which this legitimate presence slides over into a clearly disruptive and thus an illegitimate presence which must be held to void the election is essentially a matter of reasonable judgment. Although the outer reaches of a legitimate presence may have been approached in this case, we hold that the record in this case viewed collectively and in its component parts contains substantial evidence to support the Board's

conclusion that the company did not show those limits to have been exceeded here.

Enforcement granted.